McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for New York Marine and
General Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Williamsburg National Insurance Company,<br><br>              Plaintiff,<br><br>     v.<br><br>New York Marine and General Insurance Company,<br><br>              Defendant. | Case No. CV 21-4377-RSWL-JDEx<br><br>**DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Filed Concurrently with Memorandum of Points & Authorities; Declaration of James P. Wagoner; Request for Judicial Notice<br><br>Date:    July 12, 2022<br>Time:    10:00 a.m.<br>Crtrm.:  TBD<br><br>The Hon. Ronald S.W. Lew |

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, July 12, 2022 at 10.00 a.m., or as soon thereafter as this matter may be heard in Courtroom TBD of the above-entitled court located at 350 W. 1st Street, Los Angeles, California 90012, Defendant New York Marine and General Insurance Company ("NY Marine") will and hereby does move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Williamsburg National Insurance Company ("Williamsburg") and each cause of action purportedly stated therein, including the first cause of action for "Declaratory Relief Re: Duty to Indemnify", the second cause of action for "Declaratory Relief Re: Duty to Defend", the third cause of action for "Equitable Contribution – Duty to Indemnify", the fourth cause of action for "Equitable Contribution – Duty to Defend", the fifth cause of action for "Equitable Indemnity – Duty to Indemnify"; the sixth cause of action for "Equitable Indemnity – Duty to Defend"; the seventh cause of action for "Implied indemnity Re: Duty to Indemnify"; the eighth cause of action for "Implied Indemnity re: Duty to Defend"; the ninth cause of action for "Negligence"; the tenth cause of action for common-law "Tort of Another"; and the eleventh cause of action pursuant to Civil Code § 1021.6 for "Tort of Another".

This motion to dismiss is made on the grounds that the FAC and each cause of action purportedly stated therein fail to state claims upon which relief can be granted in that the allegations of the FAC, together with both facts of which judicial notice may be taken and facts set forth in letters referred to in the FAC considered under the "incorporation by reference" doctrine:

1. Fail to demonstrate that NY Marine either owed or owes a duty to defend or indemnify Williamsburg's named insured, DLR Express, Inc. ("DLR"), in the underlying action entitled *Ronald E. Foster, Jr., et al. v. Arthur J. Trimble, Jr., et al.,* Los Angeles County Superior Court, Case No. BC652708 (the "*Foster* action"), and that as a result, NY Marine can

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

have no obligation to reimburse, indemnify, or otherwise recompense Williamsburg for sums incurred by it to defend and/or indemnify DLR in the *Foster* action;

2. That Williamsburg owed a duty to and did indemnify DLR pursuant to an MCS-90 endorsement in its policy issued to DLR, while under well-established law, the MCS-90 endorsement to the NY Marine policy issued to its named insured, Arthur Trimble, does not impose any duties on NY Marine with respect to DLR, and as a consequence, does not support any claim for relief by Williamsburg against NY Marine;

3. That the MCS-90 pursuant to which Williamsburg indemnified DLR is not insurance, but rather a "surety" agreement, and that as such, Williamsburg is limited to the rights of a surety, including the right to be subrogated to the claims of creditors of the party indemnified, and against "co-sureties" of the party indemnified. As a result, since the "creditors" of Williamsburg's named insured, the Fosters, have previously released NY Marine, and because NY Marine is not a "co-surety" of DLR with Williamsburg, Williamsburg has no rights to assert against NY Marine in connection with its loss in indemnify DLR;

4. That because Williamsburg was obligated to indemnify DLR pursuant to the MCS-90 endorsement to its policy despite any condition, limitation, or exclusion contained in the NY Marine policy, while NY Marine was not so obligated to DLR, it is Williamsburg which in equity should bear the burden of indemnifying DLR given the prejudice suffered by NY Marine due to DLR's failure to provide timely pre-judgment notice of the *Foster* action to NY Marine.

5. That with respect to Williamsburg's claims for "negligence", common-law "tort of another", and statutory "tort of another", that NY Marine did not owe any direct "duty" to Williamsburg, and accordingly, that

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Williamsburg cannot state any viable claim for "negligence", common-law or statutory "tort of another", each of which requires that the Defendant both have owed and breached a "duty" to the Plaintiff;

6. That because DLR failed to give timely notice of its claim to NY Marine, DLR breached its duties under the NY Marine policy and accordingly, as this Court has previously concluded, "has no direct claims against" NY Marine, such that Williamsburg is not subrogated to any right or duty owed by NY Marine to DLR, and so for that reason also cannot state any viable claims for "negligence", common-law or statutory "tort of another".

As a consequence of the foregoing, the FAC fails to state any claims upon which relief can be granted against NY Marine for declaratory relief, equitable indemnity, equitable contribution, negligence, common-law and/or statutory "tort of another" pursuant to Civil Code § 1021.6.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of James P. Wagoner together with exhibits, the Request for Judicial Notice, and all pleadings and papers of record and on file in this case, and such additional authority and argument as may be presented at or before the time this Motion is heard or submitted.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 7, 2022, as well as by way of correspondence dated March 16, 2022 and April 22, 2022.

Dated:  April 28, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ James P. Wagoner*
James P. Wagoner
Nicholas H. Rasmussen
Attorneys for New York Marine and General Insurance Company

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# PROOF OF SERVICE

**Williamsburg National Insurance Company v. New York Marine and General Insurance Company**
**Case No. 2:21-cv-04377 RSWL (JDEx)**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On April 28, 2022, I served true copies of the following document(s) described as **DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)** on the interested parties in this action as follows:

| | |
|---|---|
| John E. Peer<br>Ira Goldberg<br>Woolls Peer Dollinger & Scher<br>A Professional Corporation<br>One Wilshire Building<br>624 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 629-1600<br>Facsimile: (213) 629-1660<br>Email: jpeer@wpdslaw.com<br>     igoldberg@wpdslaw.com | *Attorneys for Plaintiff Williamsburg National Insurance Company* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2022, at Fresno, California.

*/s/ Heather Ward*
Heather Ward

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)