McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for New York Marine and
General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Williamsburg National Insurance Company,<br><br>                Plaintiff,<br><br>        v.<br><br>New York Marine and General Insurance Company,<br><br>                Defendant. | Case No. 2:21-CV-4377-RSWL-JDEx<br><br>**SUPPLEMENTAL DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NY MARINE'S MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT**<br><br>Filed Concurrently with NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT<br><br>Date:     July 12, 2022<br>Time:    10:00 a.m.<br>Crtrm.:  TBD<br><br>The Hon. Ronald S.W. Lew |

I, James P. Wagoner, do hereby declare as follows:

1.    I am an attorney licensed to practice in the State of California, and am admitted to practice in the United States District Court for the Central District of California. I am a member of the firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, and in that capacity, represent Defendant New York Marine and

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

SUPPLEMENTAL DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NY MARINE'S MOTION
TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT

General Insurance Company ("NY Marine") in this action.

2.      The facts herein are known to me and within my personal knowledge and if called upon to testify thereto, I could and would testify hereto.

3.      This declaration is submitted in support of NY Marine's Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and filed in conjunction with NY Marine's Reply Memorandum of Points and Authorities.

4.      Prior to the filing of the present motion, and in an effort to address NY Marine's position with respect to the FAC, between March 22, 2022, and April 22, 2022, NY Marine provided Williamsburg with multiple written statements, and engaged in a formal telephonic "meet and confer" discussion on April 7, 2022, in which it set forth its views on Williamsburg's claims in extensive detail, both generally and as they related to the FAC and NY Marine's anticipated motion to dismiss.

5.      Specifically, NY Marine's written "meet and confer" efforts included a March 22, 2022 letter, as well as an April 22, 2022 email from my Partner, Mr. Rasmussen, the contents of which I reviewed and approved, and upon which I was copied. The April 22, 2022 email expressly stated that it "follows up our meet-and-confer discussion of April 7, 2022, concerning Williamsburg's First Amended Complaint", and consisted of three single-spaced typed pages of detailed discussion of NY Marine's position with respect to Williamsburg's FAC. A true and correct copy of the April 22, 2022 email is attached hereto as Exhibit 1.

6.      In an effort to avoid further duplication, the April 22, 2022 email expressly referred Williamsburg's counsel to a letter dated March 22, 2022, which likewise addressed NY Marine's position with respect to Williamsburg's First Amended Complaint in even more extensive detail, running to some 12 single-spaced pages in length. However, as that letter in part addressed specific details of the parties' settlement negotiations, a copy is not attached here.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

SUPPLEMENTAL DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NY MARINE'S MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT

7.     In total, NY Marine's written correspondence ran to some 15 single-spaced pages, and both in its written communications and during the telephonic conference, NY Marine *explicitly* advised Williamsburg of the specific grounds for its motion.

8.     Moreover, during the telephonic conference on April 7, 2022, the undersigned counsel *expressly advised* counsel for Williamsburg that after research and consideration, and contrary to its initial impression, NY Marine believed it was appropriate to file this motion even as to the causes of action as to which the court had previously denied NY Marine's motion by way of its September 29, 2021 Order.

9.     At no time did Williamsburg indicate that it believed any element of the motion was procedurally improper—indeed, though it no doubt *disagreed* with NY Marine's theories, Williamsburg did not indicate that it had objections to the motion on any specific basis whatsoever.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 28, 2022, in Fresno, California.


By: _____/s/ James P. Wagoner_____
                    James P. Wagoner

8493605.1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

SUPPLEMENTAL DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NY MARINE'S MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT

# Exhibit 1

| | |
|---|---|
| **From:** | Nicholas Rasmussen <Nicholas.Rasmussen@mccormickbarstow.com> |
| **Sent:** | Friday, April 22, 2022 4:01 PM |
| **To:** | Ira Goldberg |
| **Cc:** | Jim Wagoner |
| **Subject:** | Williamsburg v. New York Marine |

Ira:

As promised, this email follows up on our meet-and-confer discussion of April 7, 2022, concerning Williamsburg's First Amended Complaint. I do not want to belabor points already made at length, and consequently will refer you to our letter of March 22, 2022, setting forth the arguments which we think apply broadly to all of Williamsburg's causes of action. However, as an initial matter and as I observed during our call, we think that the well-established rule that "[m]ere knowledge that an insured is sued does not constitute tender of a claim" and that "[w]hat is required is knowledge that the suit is potentially within the policy's coverage *coupled with knowledge that the insurer's assistance is desired*", effectively vitiates Williamsburg's claims no matter how stated. *M.B.L., Inc. v. Fed. Ins. Co.*, 2014 WL 12584437, at *7 (C.D.Cal. 2014), aff'd, 675 F. App'x 731 (9th Cir. 2017) (emphasis added). In this respect, and as the FAC more or less admits, this isn't a case where NY Marine received a tender and then failed to properly investigate it—rather, DLR simply *did nothing*, until long after the judgment had been entered, its attempts to set-aside the judgment were denied, and NY Marine's "late notice" defense perfected. As a result, the Court previously concluded in its September 29, 2021 Order granting in part and denying in part NY Marine's motion to dismiss the initial complaint that DLR has no viable claims to assert against NY Marine—and thus Williamsburg had no basis to assert a viable claim predicated on its subrogation to DLR's rights. *See,* Sep. 29, 2021 Order Granting in Part and Denying in Part NYM's MTD at p. 10:5-9.

Although the Court seemingly missed this point in denying NY Marine's motion as to the remainder of Williamsburg's claims, it is a necessary element of the Court's conclusion that DLR has no claim to assert against NY Marine that NY Marine either did not owe, or at least did not *breach,* any duty it owed to DLR. For that reason, we also think that the cases holding that tender is not a prerequisite to a claim between insurers do not suffice to save Williamsburg's claims. Rather, as those cases make clear, the participating insurer is still obligated to place the non-participating insurer on notice of its demand, and "absent compelling equitable reasons, courts should not impose an obligation on an insurer that contravenes a provision in its insurance policy." *Truck Ins. Exch. v. Unigard Ins. Co.,* 79 Cal.App.4th 966, 974 (2000); *Am. Int'l Spec. Lines Ins. Co. v. Continental Cas. Ins. Co.,* 142 Cal.App.4th 1342, 1366 (2006) (same).

Indeed, as stated in *Unigard Ins. Co., supra,* 79 Cal.App.4th at 978-979, "[i]n this case, the question is not *whether* coinsurers can seek contribution from one another. Clearly, they can. Rather, the question is *when* does an insurer that is providing a defense have to raise the issue of contribution with potential coinsurers that are not participating in the litigation due to a lack of tender. [¶] Obviously, at some point, Truck had to determine the identity of potential coinsurers. According to Truck, regardless of when it acquired that knowledge, notice to potential coinsurers was not necessary until the underlying actions had concluded. We reject that position and find that notice should be given sooner rather than later". As a result, the Court concluded that "[a]lthough the defense was tendered to, and accepted by, Truck, Unigard did not receive notice of its potential liability for contribution until *after* the *Cimarron* cases were resolved. [¶] Under these circumstances, the imposition of contribution on Unigard — a stranger to the litigation — would subject it to a significant financial burden even though it did not enjoy any of the concomitant benefits, e.g., the right to participate in and control the defense. Truck decided to investigate and settle the *Cimarron* cases without Unigard's involvement. Having done so, Truck should not be permitted to drag Unigard into the picture after the fact." *Id.* at 979; *see also, Am. Int'l Spec. Lines, supra,* 142 Cal.App.4th 1342, 1366 ("Consistent with *Unigard,* we hold that the settling insurers cannot recover from Continental because they did not notify Continental of its potential liability for contribution prior to Disney's settlement.").

It follows that since NY Marine received no notice from DLR before its "late notice" defense had become perfected, that the *even later* demands by DLR's defense counsel and Williamsburg that NY Marine participate in defending and indemnifying DLR—which were conveyed in December 2020 and January 2021, respectively—do not suffice to avoid or overcome NY Marine's already-perfected "late-notice" defense since those demands did not in fact provide NY Marine with any actual substantive opportunity to defend or settle the matter given the Fosters' already-entered default judgment.

Turning to the FAC's newest causes of action for negligence, common law tort of another, and statutory "tort of another" under Civil Code § 1021.6, fundamentally, each of those causes of action requires that there be some "duty" owed by the defendant to the claimant and a corresponding breach of that duty by the defendant. However, even to the extent that Williamsburg is an excess carrier, NY Marine owed no broader duty "to" Williamsburg than was owed to the insured itself—in short, a duty *when settling* to accept a reasonable settlement within limits where there is exposure to an excess judgment. *See, e.g., Diamond Heights Homeowners' Assn. v. Nat'l Am. Ins. Co.,* 227 Cal.App.3d 563, 579 (1991) ("Where there is excess coverage, the excess carrier, under the doctrine of equitable subrogation, may be subrogated to the position of the insured vis-a-vis the primary insurer's duty of good faith. The primary insurer accordingly owes a duty of good faith to the excess carrier which is identical to that owed to its insured."). That duty is not a generalized duty, and instead relates only to the primary insurer's obligations with respect to *settlement,* where the matter is properly in the hands of the primary insurer. *Signal Cos., Inc. v. Harbor Ins. Co.,* 27 Cal.3d 359, 365 (1980) ("the primary carrier, in settling an action, owes a duty of good faith to the excess carrier based on the theory of equitable subrogation") (citing *Commercial Union Assur. Cos. v. Safeway Stores, Inc.,* 26 Cal.3d 912, 916-917 (1980)). And as the California Supreme Court has made clear, that "duty" is not in fact a duty owed *directly by the primary insurer to the excess carrier*, but rather, is a duty *owed by the primary carrier to the insured,* to which the excess carrier is *merely subrogated*. Thus, in fact, "the rule does not rest upon the finding of any separate duty owed to an excess insurance carrier." *Commercial Union, supra,* 26 Cal.3d at 918; *Signal Cos., Inc., supra,* 27 Cal.3d at 365 ("the primary carrier, in settling an action, owes a duty of good faith to the excess carrier based on the theory of equitable subrogation"); *Diamond Heights, supra,* 227 Cal.App.3d at 579 ("the excess carrier, under the doctrine of equitable subrogation, may be subrogated to the position of the insured vis-a-vis the primary insurer's duty of good faith.").

Furthermore, and with specific respect to Williamsburg's claims for "tort of another", "nearly all of the cases which have applied the [tort of another] doctrine involve a clear violation of a traditional tort duty between the tortfeasor who is required to pay the attorney fees and the person seeking compensation for those fees." *Mega RV Corp. v. HWH Corp.,* 225 Cal.App.4th 1318, 1339 (2014) (quoting *Sooy v. Peter,* 220 Cal.App.3d 1305, 1310 (1990). Thus, Courts have consistently held that "[f]or the 'tort of another' doctrine to apply, the tortfeasor must owe a duty to the party seeking compensation." *Zahnleuter v. Lenhart,* Case No. 2:20-cv-02492-KJM-KJN, 2021 WL 1721812 *4 (E.D.Cal. Apr. 30, 2021) (citing *Mega RV Corp., supra,* 225 Cal.App.4th at 1342); *Burger v. Kuimelis,* 325 F.Supp.2d 1026, 1041 ("A claim under the tort of another doctrine thus involves three persons: the claimant, the tortfeasor and the third party. Although the above-quoted language is ambiguous whether the "tort" in the tort of another doctrine is a tort committed by the tortfeasor against the claimant or against the third party, the theory underlying the award of attorney fees demonstrates that the tortfeasor must have committed a tort against the claimant.") (citing *Prentice v. N. Am. Title Guar. Corp.,* 59 Cal.2d 618, 621, and *Sooy, supra,* 220 Cal.App.3d at 1310).

Here, the Court has already previously concluded that since "DLR failed to timely tender [its] defense to [NY Marine] and therefore has no direct claim against [NY Marine], [Williamsburg's] claims for subrogation must also fail. The Court agrees." *See,* Sep. 29, 2021 Order Granting in Part and Denying in Part NYM's MTD at p. 10:5-9. Accordingly, since Williamsburg cannot assert either that it is subrogated to a duty owed by NY Marine to DLR, nor that NY Marine owed or breached any duty owed directly *to Williamsburg*, its claims for "negligence" and "tort of another" necessarily fail to state claims for which relief can be granted as a matter of law.

Lastly, during our  call on April 7, 2022, we indicated that NY Marine intended to move to dismiss only Williamsburg's third through eleventh causes of action and its claim for attorneys' fees, but that we reserved the right to bring a motion for judgment on the pleadings as to the first and second causes of action. However, upon further research, since an amended complaint supercedes a prior complaint and renders the prior complaint a legal nullity, it appears that the appropriate vehicle is a motion to dismiss as to all causes of action.  *Gustavson v. Wrigley Sales Co.,* Case No. 12-cv-

01861-LHK, 2014 WL 60197 *6, n. 4 (N.D.Cal. Jan. 7, 2014); *Burton v. Gerber Prods. Co.,* Case No. 12-cv-02412-LHK, 2014 WL 172111 *7, n. 2 (N.D.Cal. Jan. 15, 2014).

As always, if you want to discuss, don't hesitate to give us a call.

Nick


**Nicholas H. Rasmussen**
Partner
**McCormick Barstow LLP**
7647 North Fresno Street | Fresno, CA 93720
Main (559) 433-1300 | Fax (559) 433-2300

www.mccormickbarstow.com

## PROOF OF SERVICE

**Williamsburg National Insurance Company v. New York Marine and General Insurance Company**
**Case No. 2:21-cv-04377 RSWL (JDEx)**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On June 28, 2022, I served true copies of the following document(s) described as **SUPPLEMENTAL DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NY MARINE'S MOTION FOR TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| John E. Peer<br>Ira Goldberg<br>Wools Peer Dollinger & Scher<br>A Professional Corporation<br>One Wilshire Building<br>624 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 629-1600<br>Facsimile: (213) 629-1660<br>Email: jpeer@wpdslaw.com<br>    igoldberg@wpdslaw.com | *Attorneys for Plaintiff Williamsburg National Insurance Company* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 28, 2022, at Fresno, California.

*/s/ Marisela Taylor*
_____
Marisela Taylor

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

SUPPLEMENTAL DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NY MARINE'S MOTION TO DISMISS WILLIAMSBURG'S FIRST AMENDED COMPLAINT