'O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMSBURG NATIONAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>   v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>        Defendant. | CV 21-04377-RSWL-JDEx<br><br>**ORDER re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint** [41] |

Plaintiff Williamsburg National Insurance Company ("Plaintiff") brings this Action against Defendant New York Marine and General Insurance Company ("Defendant"). In its First Amended Complaint, Plaintiff alleges eleven causes of action involving contribution, indemnity, and other various tort claims.  Currently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [41] (the "Motion").  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS in part and DENIES in part** Defendant's Motion.

1

1                    I.   **BACKGROUND**

2    **A.   Factual Background**

3         Plaintiff, a Michigan-based insurance corporation,

4    issued a motor carrier liability policy to DLR Express,

5    Inc. ("DLR") that provides a $1,000,000 combined single

6    limit for covered accidents.  First Am. Compl. ("FAC")

7    ¶¶ 3, 5, ECF No. 37.  Attached to the policy is the MCS-

8    90 endorsement, which is a standardized form that

9    requires an insurer to pay up to its policy limit to

10   members of the public for liability arising from its

11   insured's operations even where the policy itself

12   provides no coverage.  Id. ¶ 5.

13        Defendant, a New York-based insurance corporation,

14   issued a motor carrier liability policy ("Defendant

15   Policy") to Intermodal Contractor's Association of North

16   America.  Id. ¶¶ 4, 6.  Arthur Trimble, Jr. ("Trimble")

17   was later added as a certificate holder under this

18   policy.  Id. ¶ 6.  Defendant Policy similarly provides a

19   $1,000,000 combined single limit and includes the MCS-90

20   endorsement.  Id. ¶¶ 6, 31.

21        DLR leased a tractor with an attached trailer to

22   Trimble pursuant to an Equipment Lease Agreement and a

23   sub-haul agreement (collectively, the "Agreement").  Id.

24   ¶ 8.  Under the Agreement, Trimble agreed to indemnify

25   and release DLR against all liability arising out of

26   Trimble's use of the tractor.  Id. ¶ 9.  Pursuant to the

27   Agreement, Trimble also added DLR to Defendant Policy as

28   an additional insured with respect to the tractor.  Id.

                                2

¶ 11.  The Policy obligates Defendant to pay all sums Trimble is liable for related to any accident involving the tractor.  Id. ¶ 29.

On March 5, 2015, Trimble was driving the tractor pulling a loaded trailer when he rear-ended a truck being driven by Ronald Foster, Jr.  Id. ¶ 7.  Foster, along with the truck's passenger and the truck's owner (collectively, the "Foster plaintiffs"), filed a complaint against Trimble in Los Angeles Superior Court on March 3, 2017, alleging injuries and damages related to the accident.  Id. ¶ 12.  DLR was later added to the action as a defendant.  Id. ¶ 15.  Defendant provided a defense for Trimble in the Foster litigation, and all claims against Trimble were settled for $155,000.  Id. ¶ 13.  Plaintiff alleges that Defendant "was aware, via its retained defense counsel for Trimble, that its additional insured DLR was named as a defendant in the Foster litigation."  Id. ¶ 16.  However, neither Plaintiff nor Defendant provided a defense for DLR in the Foster litigation initially, and consequently DLR never appeared in the case.  Id. ¶¶ 17, 18.

A default judgment of $6,085,702 was entered against DLR.  Id. ¶ 18.  DLR moved to set aside the default judgment, and subsequently filed an appeal when that motion was denied.  Id.  DLR then tendered its defense to Plaintiff, and Plaintiff agreed to defend DLR in the Foster litigation under a reservation of

1  rights.[1]  Id. ¶ 19.  A month later, DLR tendered its

2  defense and request for indemnity to Defendant as an

3  additional insured under Defendant Policy.  Id. ¶ 21.

4      The Foster plaintiffs then agreed to settle all

5  claims against DLR for $1,000,000.  Id. ¶ 22.  Both DLR

6  and Plaintiff demanded that Defendant contribute its

7  remaining policy limit to settle the claim, but

8  Defendant refused.  Id. ¶¶ 23-25.  Ultimately, Plaintiff

9  paid the entire settlement amount on behalf of DLR.  Id.

10  ¶¶ 22, 26.  Plaintiff alleges that Defendant had the

11  primary duty to defend and indemnify DLR in the Foster

12  litigation because DLR is an additional insured under

13  Defendant Policy.  Id. ¶ 34.

14  **B.  Procedural Background**

15      Plaintiff filed its initial Complaint [1] on May

16  26, 2021, alleging claims for declaratory relief,

17  equitable contribution, and equitable subrogation.

18  Defendant filed a Motion to Dismiss ("Initial Motion")

19  [12] on July 16, 2021, and this Court subsequently

20  entered an Order [18] granting in part and denying in

21  part Defendant's Motion.  Specifically, the Court

22  dismissed Plaintiff's subrogation claims with leave to

23  amend but denied Defendant's Motion as to the

24  declaratory relief and contribution claims.  See Order

25

26      [1] The MCS-90 endorsement included in the policy that
    Plaintiff issued to DLR required Plaintiff to cover DLR's claim
27  despite DLR's failure to provide Plaintiff with timely notice of
    the Foster litigation.  Pl.'s Opp'n to Mot. to Dismiss ("Opp'n")
28  16:27-17:3, ECF No. 15.

re: Mot. to Dismiss ("Order") 18:2-8, ECF No. 18.

Plaintiff then filed its First Amended Complaint ("FAC") [37] on March 30, 2022.  The FAC includes the previous claims for contribution and declaratory relief, as well as additional claims for equitable and implied indemnity, negligence, and common law and statutory tort of another.  Defendant filed the instant Motion to Dismiss ("Second Motion") [41] on April 28, 2022.  On June 21, 2022, Plaintiff filed its Opposition [42]. Defendant replied [43] on June 28, 2022.

## II.  DISCUSSION

### A.  **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).  Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.  Swartz v.

1  KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  A court

2  must presume all factual allegations of the complaint to

3  be true and draw all reasonable inferences in favor of

4  the non-moving party.  Klarfeld v. United States, 944

5  F.2d 583, 585 (9th Cir. 1991).  The question is not

6  whether the plaintiff will ultimately prevail, but

7  whether the plaintiff is entitled to present evidence to

8  support its claims.  Jackson v. Birmingham Bd. of Educ.,

9  544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416

10  U.S. 232, 236 (1974)).  While a complaint need not

11  contain detailed factual allegations, a plaintiff must

12  provide more than "labels and conclusions" or "a

13  formulaic recitation of the elements of a cause of

14  action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

15  (2007).

16  **B.   Analysis**

17       1.   Preliminary Matters

18            a.   Local Rule 7-3

19       Defendant argues that Plaintiff failed to comply

20  with Local Rule 7-3 because Plaintiff never informed

21  Defendant of its objection to Defendant's reassertion of

22  certain arguments.  Reply 25:18-22, ECF No. 43.

23  However, Local Rule 7-3 sets forth the meet and confer

24  obligations of the moving party only.  C.D. Cal. L.R. 7-

25  3 (requiring that "*counsel contemplating the filing of*

26  *any motion* shall first contact opposing counsel" to

27  discuss the motion's substance) (emphasis added).

28  Therefore, Plaintiff did not violate Local Rule 7-3 in

6

1  failing to raise its objection during the meet and
2  confer session.  The Court accordingly considers the
3  arguments raised in Plaintiff's Opposition.

4        b.   Defendant's Requests for Judicial Notice

5        Pursuant to Federal Rule of Evidence 201, "[a]
6  court may judicially notice a fact that is not subject
7  to reasonable dispute because it . . . can be accurately
8  and readily determined from sources whose accuracy
9  cannot reasonably be questioned."  Thus, while a court
10  may take judicial notice of matters of public record, a
11  court may not take judicial notice of the substance of
12  such records if subject to reasonable dispute.  Lee v.
13  City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir.
14  2001) (stating that a court may take judicial notice of
15  the fact that certain court records were filed but not
16  of the truth of any facts stated therein).

17        Defendant requests the Court judicially notice the
18  following records from the Foster litigation: (1) the
19  proof of service of the amended complaint substituting
20  DLR for a Doe defendant; (2) the order granting default
21  judgment against DLR; (3) DLR's motion to set aside
22  default and default judgment; (4) the order denying
23  DLR's motion to set aside default and default judgment;
24  and (5) the Superior Court's entry of a $6,085,702
25  judgment against DLR.  See generally Def.'s Req. for
26  Judicial Notice, ECF No. 41-1.  Defendant also requests
27  that the Court judicially notice: (6) an excerpt from
28  the Federal Motor Carrier Administration's ("FMCA")

7

1   Regulatory Guidance; and (7) the "About Us" information
2   from the FMCA's website.  <u>Id.</u>
3       The Court **GRANTS** Defendant's first through fifth
4   requests because they pertain to court documents, the
5   existence of which is not subject to reasonable dispute.
6   <u>See</u> <u>Selane Prods., Inc. v. Cont'l Cas. Co.</u>, No. 2:20-cv-
7   07834-MCS-AFM, 2020 WL 7253378, at *3 (C.D. Cal. Nov.
8   24, 2020).  However, the Court **DENIES** Defendant's sixth
9   and seventh requests.  While these documents may qualify
10  as judicially noticeable materials, they are not
11  relevant to the resolution of this Motion and therefore
12  need not be considered by this Court.  <u>See</u> <u>Santa Monica</u>
13  <u>Food Not Bombs v. City of Santa Monica</u>, 450 F.3d 1022,
14  1025 n.2 (9th Cir. 2006).
15      2.  <u>The Motion</u>
16      Defendant argues that all of Plaintiff's claims
17  should be dismissed because Defendant had no duty to
18  indemnify and defend DLR.  <u>See</u> Mot. to Dismiss FAC
19  ("Second Mot.") 3:7-14, ECF No. 37.  For the following
20  reasons, the Court **DENIES** Defendant's Motion as to
21  Plaintiff's claims for contribution, indemnity, and
22  declaratory relief.  The Court **GRANTS** Defendant's Motion
23  as to Plaintiff's claims for negligence and both common
24  law and statutory tort of another.
25          a.  <u>Contribution and Indemnity</u>
26              i.  <u>Notice</u>
27      Defendant's Motion repeats a central argument that
28  the Court previously rejected — namely, that Defendant

1  cannot be liable for contribution because Defendant
2  lacked sufficient notice of DLR's potential claims.  See
3  generally Second Mot.  In its prior Order, the Court
4  rejected Defendant's argument that Plaintiff failed to
5  state a claim for contribution due to lack of notice.
6  Order 13:19-15:16.  The Court found that Plaintiff
7  adequately alleged that Defendant had sufficient inquiry
8  notice of the potential for a contribution claim.  Id.
9  Nevertheless, Defendant's current Motion restates the
10  same notice argument, contending that Defendant did not
11  have constructive notice and thus that Plaintiff cannot
12  state "any claim" against Defendant.  See Second Mot.
13  3:15-4:11.

14      Although Defendant does not expressly ask the Court
15  to reconsider the conclusions it reached in the prior
16  Order, Defendant's Motion functions as a motion for
17  reconsideration and should be analyzed as such.  See
18  Laub v. Horbaczewski, No. CV 17-6210-JAK (KSX), 2020 WL
19  7978227 at *4 (C.D. Cal. Nov. 17, 2020) (analyzing a
20  motion to compel and for sanctions as a motion for
21  reconsideration where it "essentially request[ed] that
22  the [c]ourt revisit its [prior] ruling").[2]

23  _____

24      [2] Defendant contends that it may repeat its constructive
    notice argument because the filing of an amended complaint allows
    the Court to alter its prior judgment.  Reply 22:19-24:4.
25  However, Defendant provides no authority for the proposition that
    the filing of an amended complaint authorizes a court to revisit
26  previously rejected arguments attacking claims that remain
    identical in the amended complaint.  Cf. Askins v. U.S. Dep't of
27  Homeland Sec., 899 F.3d 1035, 1043 (9th Cir. 2018) (discussing
    the standard for evaluating an amended complaint itself rather
28  than the standard for reconsideration of previously rejected

1     Local Rule 7-18 allows reconsideration "of the

2  decision on any motion," which includes interlocutory

3  orders such as an order denying a motion to dismiss or

4  granting a motion to dismiss without prejudice.  C.D.

5  Cal. L.R. 7-18; <u>see also</u> <u>United States v. Curiel,</u> No.

6  2:05-cr-00889-RSWL, 2015 WL 143897, at *1 (C.D. Cal.

7  Jan. 12, 2015).

8     A motion for reconsideration pursuant to Local Rule

9  7-18 may be made only on the following grounds:

10

11         (a) a material difference in fact or law from
           that  presented  to  the  Court  before  such
12         decision  that  in  the  exercise  of  reasonable
           diligence  could  not  have  been  known  to  the
13         party moving for reconsideration at the time of
           such decision, or
14

15         (b)  the  emergence  of  new  material  facts  or  a
           change  of  law  occurring  after  the  time  of  such
16         decision, or

17

18         (c) a manifest showing of a failure to consider
           material  facts  presented  to  the  Court  before
19         such decision.

20

21  C.D. Cal. L.R. 7-18; <u>see</u> <u>In re Countrywide Fin. Corp.</u>

22  <u>Mortg.-Backed Sec. Litig.</u>, 966 F. Supp. 2d 1031, 1036

23  (C.D. Cal. 2013).  Additionally, a motion for

24  reconsideration must not "repeat any oral or written

25  argument made in support of or in opposition to the

26  _____

27  arguments in a motion to dismiss).  Even if the standard for
    reconsideration were somehow lower in this procedural context,
    the Court declines to alter its previous rulings for the reasons
28  stated below.

1    original motion."  C.D. Cal. L.R. 7-18.

2         Defendant has not demonstrated that the Court's

3    prior decision was erroneous, nor that any of the

4    limited circumstances for reconsideration apply here.

5    Defendant appears to confuse two distinct notice

6    requirements.  As the Court explained in its prior

7    Order, the notice required for a contribution claim is

8    distinct from the notice that an insured must give its

9    insurer to trigger the insurer's duty to indemnify and

10   defend.  This is because a coinsurer's right to

11   contribution is not governed by the terms of either

12   insurance policy.  Therefore, "an *insured's* lack of

13   tender or compliance with a policy provision is not

14   fatal to a coinsurer's right of equitable contribution;

15   rather, adequate notice of the potential for

16   contribution and the opportunity for investigation and

17   participation in the defense in the underlying

18   litigation will suffice."  OneBeacon Am. Ins. Co. v.

19   Fireman's Fund Ins. Co., 95 Cal. Rptr. 3d 808, 822 (Cal.

20   Ct. App. 2009).  The Court carefully considered

21   Plaintiff's allegations regarding Defendant's notice of

22   DLR's involvement in the Foster litigation, and it

23   determined that Plaintiff had pled notice sufficient to

24   state a claim for contribution against Defendant.  The

25   Court declines to revisit that conclusion here.[3]

26        [3] Defendant provides no authority holding that the notice
     standard for indemnity is different from that for contribution,
27   and the Court could find none.  A claim for indemnity lies where
     "one party pays a debt for which another is primarily liable and
28   which in equity and good conscience should have been paid by the

                                  11

As such, Defendant may not repeat its prior arguments about its lack of notice simply because it is dissatisfied with the Court's prior conclusions. See Rhodes v. Pfeiffer, No. CV 14-7687, 2017 WL 10519635, at *1 (C.D. Cal. June 30, 2017) (noting that litigants may not use motions for reconsideration to get a "proverbial second bite at the apple") (internal quotation marks and citation omitted); Laub v. Horbaczewski, No. CV 17-6210-JAK (KSX), 2020 WL 7978227 at *4 (C.D. Cal. Nov. 17, 2020) (denying reconsideration where movant failed to show court error or material difference in fact or law).

### ii.  MCS-90 Endorsement

Because the Court finds that Plaintiff's contribution and indemnity claims survive Defendant's Motion based on adequate notice, the Court need not address whether the MCS-90 endorsement attached to Defendant Policy provides an alternative basis for these claims.  Nevertheless, the Court briefly notes its previous finding that the public protection purpose of the MCS-90 endorsement has been fulfilled in this case "[b]ecause Trimble, the injured member of the public, has already been compensated for his injuries."  Order 11:8-12.  Thus, as with Plaintiff's prior claims for

---

latter party."  Travelers Indem. Co. of Conn. v. Navigators Specialty Ins. Co., 285 Cal. Rptr. 3d 289, 308 (Cal. Ct. App. 2021).  Like contribution, equitable and implied indemnity are "premised on a joint legal obligation to another" and are not governed by the language of the insurers' respective policies. Prince v. Pac. Gas & Elec. Co., 202 P.3d 1115, 1120 (2009). Thus, Plaintiff's indemnity claims similarly survive Defendant's arguments concerning lack of notice.

1    subrogation, the MCS-90 is irrelevant to Plaintiff's
2    claims for contribution and indemnity.[4]

3        This is not to say that declining to apply the MCS-
4    90 endorsement here in any way precludes Plaintiff's
5    claims for contribution and indemnity.  As the Court has
6    explained, claims for equitable contribution and
7    indemnity do not arise out of a contract between two
8    insurers and thus are not controlled by the language of
9    either policy.  See Fireman's Fund Ins. Co. v. Md. Cas.
10   Co., 77 Cal. Rptr. 2d 296, 313 (Cal. Ct. App. 1998);
11   Travelers, 285 Cal. Rptr. 3d at 308.  Plaintiff has pled
12   facts sufficient to plausibly allege that Defendant had
13   notice of DLR's addition to the Foster litigation.
14   Plaintiff can therefore state claims for contribution
15   and indemnity regardless of the protections afforded by
16   the MCS-90 endorsement.

17       In sum, the FAC alleges notice sufficient to state
18   claims for contribution and indemnity.  The Court
19   therefore **DENIES** Defendant's Motion as to Plaintiff's
20   first through eighth claims for contribution, indemnity,
21   and declaratory relief.

22           b.   Negligence and Tort of Another
23       Plaintiff's FAC fails to state claims for

24   _____

25       [4] This holding is consistent with the majority view that the
     MCS-90 endorsement applies only "when necessary to protect
26   injured members of the public" and does not control the
     allocation of loss among insurers.  Canal Ins. Co. v. Distrib.
27   Servs., Inc., 320 F.3d 488, 492-93 (9th Cir. 2003) (collecting
     cases); see also John Deere Ins. Co. v. Nueva, 229 F.3d 853, 858
28   (9th Cir. 2000).

negligence and common law and statutory tort of another. To state a claim for either negligence or tort of another, Plaintiff must establish that Defendant owed it a duty of due care.  <u>Artiglio v. Corning, Inc.</u>, 18 Cal. 4th 604, 614 (1998); <u>Zahnleuter v. Lenhart</u>, No. 2:20-CV-02492-KJM-KJN, 2021 WL 1721812, at *4 (E.D. Cal. Apr. 30, 2021) (internal citations omitted).  In a dispute between insurers like the one here, a primary insurer owes an excess insurer a duty of good faith identical to that owed to the insured.  <u>Diamond Heights Homeowners' Ass'n v. Nat'l Am. Ins. Co.</u>, 227 Cal. App. 3d 563, 579 (1991).  As such, the excess carrier may recover in tort against the primary insurer only through equitable subrogation, by subrogating to the rights of the insured.[5]  <u>Id.</u>; <u>see also</u> <u>Signal Cos., Inc. v. Harbor Ins. Co.</u>, 27 Cal. 3d. 359, 365 (1980) ("[T]he primary carrier, in settling an action, owes a duty of good faith to the excess carrier based on the theory of equitable subrogation.").

As the Court has previously held, Plaintiff cannot state a claim for subrogation because Plaintiff has not

---

[5] Plaintiff argues that duty is established because California Civil Code section 1714 imposes liability on any person for "an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."  However, this general provision cannot be relied upon to establish the legal duty of a defendant in a particular case.  <u>Lundy v. Cal. Realty</u>, 170 Cal. Rptr. 575, 577-78 (Cal. Ct. App. 1985).  Rather, the duty owed by Defendant in this particular insurance context has been defined through the case law cited above.

1   alleged facts establishing that DLR itself has an
2   existing, assignable cause of action against Defendant.
3   Indeed, any duty Defendant owed to DLR was extinguished
4   because DLR failed to timely tender its defense to
5   Defendant.  <u>See</u> Order 10:5-14.  Because Defendant owed
6   no duty to DLR, Defendant likewise owed no duty to
7   Plaintiff.  Plaintiff's claims for negligence and tort
8   of another therefore fail.

9        The MCS-90 endorsement is no help to Plaintiff's
10  claims for negligence and tort of another.  As explained
11  above, the MCS-90 does not apply in this dispute between
12  insurers.  While the MCS-90 endorsement creates a
13  suretyship relationship, the insurer becomes a surety to
14  protect the public only.  <u>See</u> <u>Harco Nat. Ins. Co. v.</u>
15  <u>Bobac Trucking Inc.</u>, 107 F.3d 733, 736 (9th Cir. 1997).
16  Because the injured members of the public — the <u>Foster</u>
17  plaintiffs — have been compensated in this case, the
18  MCS-90 endorsement does not give rise to a duty on the
19  part of Defendant, and therefore it does not create any
20  rights which Plaintiff may be subrogated to.

21       Because Defendant owed no duty to Plaintiff based
22  either on subrogation or on its suretyship obligations
23  under the MCS-90 endorsement, Plaintiff cannot state
24  claims for negligence or for common law or statutory
25  tort of another.  As such, the Court **GRANTS** Defendant's
26  Motion as to Plaintiff's ninth through eleventh claims
27  for negligence and tort of another.
28  ///

c.  <u>Leave to Amend</u>

"The Court should give leave [to amend] freely when justice so requires."  Fed. R. Civ. P. 15(a)(2).  While the Ninth Circuit has "stressed Rule 15's policy of favoring amendments," leave need not be granted where amendment would be "an exercise in futility."  <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).

Here, allowing Plaintiff to amend the FAC would be futile because Plaintiff has not indicated the existence of any additional facts that would establish the duty required for negligence or tort of another.  The Court previously afforded Plaintiff an opportunity to amend its subrogation claims to allege that Defendant owed a duty to DLR, and Plaintiff declined to do so.  Plaintiff has not indicated that it could allege any additional facts to establish such a duty.  The Court therefore finds that amendment of these claims would be futile and dismisses Plaintiff's negligence and tort of another claims **without leave to amend**.  <u>See</u> <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996) (holding that district court did not abuse discretion in denying leave to amend where amendment would be futile).

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendant's Motion.  The Court **DENIES** the Motion as to Plaintiff's first through eighth claims for contribution, indemnity, and declaratory relief.

1    The Court **GRANTS** the Motion as to Plaintiff's ninth

2    through eleventh claims for negligence and tort of

3    another **without leave to amend.**

4        **IT IS SO ORDERED.**

5

6    DATED: August 12, 2022          /s/ Ronald S.W. Lew
                                      _____
7                                     **HONORABLE RONALD S.W. LEW**
                                      Senior U.S. District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28